```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**MONTY WILMOTH**                                                **PETITIONER**

v.                          Civil No. 10-5210

**RAY HOBBS, Director**
**Arkansas Department of Corrections**                           **RESPONDENT**

### O R D E R

NOW on this 8th day of August 2011, comes on for consideration the Report and Recommendation (document #13) of the Magistrate Judge, filed on January 25, 2011, and petitioner's objections thereto (document #14), filed on February 14, 2011.  The Court, being well and sufficiently advised, finds and orders as follows:

1.   Before this Court is petitioner Monty Wilmoth's Habaes Corpus petition which was filed on November 1, 2010, pursuant to 28 U.S.C. § 2254.   By way of background, the Court notes the following:

(a) On January 28, 2008, Wilmoth pled guilty to manufacturing a controlled substance (methamphetamine) and possession of a controlled substance with intent to deliver (marijuana), and was sentenced to 240 months (20 years) in the Arkansas Department of Corrections with an additional 120 months (10 years) suspended imposition of sentence.  The Judgement and Commitment Order was filed on February 1, 2008.

(b)  On September 9, 2010, petitioner filed a motion to withdraw the guilty plea he entered on January 28, 2008.

(c)  On September 23, 2010, the Benton County Circuit Court issued an order denying petitioner's motion, stating that the motion was untimely and that the court was without jurisdiction to hear the motion.

(d)  The petitioner filed the current Habeas Motion on November 1, 2010 and has alleged ineffective assistance of counsel, prosecutor misconduct, and that Arkansas Rule of Criminal Procedure, Rule 26.1 is constitutionally deficient.

2.  The Report and Recommendation (hereinafter "R&R") now before the Court makes the following recommendations:

(a)  The petitioner's claim is not timely because petitioner entered his plea on January 28, 2008 but did not file the current habeas petition until November 1, 2010.  The Antiterrorism and Effective Death Penalty Act (AEDPA), 104-132, 110 Stat. 1214 (1996), established a one year statute of limitations for federal habeas corpus petitions brought by state prisoners.  28 U.S.C. § 2244(d)(1).  The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

While the limitation period may be equitably tolled under certain circumstances, the R & R concludes that the issues raised by the petitioner do not merit equitable tolling.

>   (b) Even if the petition had been timely filed, the petitioner's claim is without merit because he failed to exhaust his state remedies.[1]

>   3. Petitioner has filed lengthy objections to the R & R in which he has basically reiterated his arguments previously made. The Court finds those objections offer neither law nor fact requiring departure from the R & R and the same should and will be overruled.

>   4. For the reasons set forth in the Magistrate Judge's thorough and well-reasoned analysis, the R&R will be approved and adopted and the instant petition should be dismissed with prejudice for failure to demonstrate cause for his procedural default.

**IT IS THEREFORE ORDERED** that **Petitioner's Statement of Objections (document #14) is overruled.**

**IT IS FURTHER ORDERED** that the **Report and Recommendation (document #13) is adopted** *in toto*.

---

[1] Despite the clear procedural bars of petitioner's untimely filing and failure to exhaust his state remedies, the R & R continues its analysis of petitioner's claims and finds that all claims, except possibly petitioner's speedy trial claim, have no merit.

**IT IS FINALLY ORDERED** that instant petition is **dismissed with prejudice.**

**IT IS SO ORDERED.**

/s/Jimm Larry Hendren
HON. JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE
